IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| JEFFREY ROSSMAN, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | Case No. 5:21-cv-00203 |
| | ) | |
| JOHNSON & JOHNSON, ETHICON, INC., ETHICON US, LLC, and ETHICON ENDO SURGERY, INC. | ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

**NOTICE OF REMOVAL**

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendants Ethicon, Inc., Ethicon US, LLC, and Ethicon Endo Surgery, Inc. (collectively "Removing Defendants") remove this action styled *Jeffrey Rossman v. Johnson & Johnson, Ethicon, Inc., Ethicon US, LLC, and Ethicon Endo Surgery, Inc.* from the 407th Judicial District Court for Bexar County, Texas, to the United States District Court for the Western District of Texas, San Antonio Division.

As explained below, the United States District Court for the Western District of Texas, San Antonio Division has original subject-matter jurisdiction of this civil action pursuant to 28 U.S.C. §§ 1332 and 1441 *et seq.* because complete diversity exists between the parties, and it is facially evident from the Plaintiff's Original Petition and Jury Demand ("Petition") that the amount in controversy exceeds $75,000, exclusive of interest and costs.

**I.    THE STATE COURT ACTION**

1.    On December 30, 2020, Plaintiff Jeffrey Rossman ("Plaintiff") filed an action styled *Jeffrey Rossman v. Johnson & Johnson, Ethicon, Inc., Ethicon US, LLC, and Ethicon Endo*

1

*Surgery, Inc.*, Cause No. 2020CI24858, in the 407th Judicial District Court for Bexar County Texas. *See* Ex. A, Petition. The Petition names four non-resident defendants: Ethicon, Inc., Johnson & Johnson, Ethicon US, LLC, and Ethicon Endo Surgery, Inc.. Pet. ¶¶ 2.2-2.5.

2. The Petition alleges that Plaintiff underwent hernia repair surgery in May 2000 to and was implanted with Ethicon, Inc.'s Prolene Mesh hernia mesh device. *Id.* ¶ 9.1.

3. Plaintiff contends that he began experiencing occasional abdominal pain and discomfort in 2010, which progressed to severe and consistent pain by March 2019. *Id.* ¶¶ 9.2-9.3. In May 2019, Plaintiff alleges that he underwent surgery to have the Prolene Mesh removed. *Id.* ¶ 9.7.

4. Plaintiff asserts six causes of action against Defendants: (1) strict liability – failure to warn, (2) strict liability – design defect, (3) negligence, (4) breach of warranty, (5) fraud and deceit, and (6) gross negligence. *Id.* ¶¶ 11.1-11.37

## II. REMOVAL IS PROPER BECAUSE THIS COURT HAS ORIGINAL SUBJECT-MATTER JURISDICTION PURSUANT TO 28 U.S.C. § 1332(a).

5. This Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332(a) because this is a civil action between citizens of different states in which the amount in controversy exceeds $75,000, exclusive of interest and costs.

### A. The Amount-in-Controversy Requirement is Satisfied.

6. Pursuant to 28 U.S.C. § 1446(c)(2)(B), removal is proper if the court finds, by a preponderance of the evidence, that the amount in controversy exceeds $75,000, exclusive of interest and costs, as set forth in 28 U.S.C. 1332(a).[1]

---

[1] The preponderance of the evidence standard was adopted in the Federal Courts Jurisdiction and Venue Clarification Act of 2011 (the "Act"), Pub. L. No. 112-63, 125 Stat. 758. According to the House Report accompanying the bill, "circuits have adopted differing standards governing the burden of showing that the amount in controversy is satisfied. The 'sum claimed'

7. "[T]he sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy," absent exceptions not applicable here. *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 551 (2012).

8. Here, Plaintiff expressly requests "monetary relief over $1,000,000." Pet. ¶ 4.1. Thus, it is facially apparent from the Petition that the amount in controversy exceeds $75,000, exclusive of interest and costs.

9. Additionally, the nature of the allegations in the Petition establishes that the amount in controversy in this case exceeds $75,000, exclusive of interest and costs. Plaintiff asserts six causes of action sounding in negligence, strict liability, breach of warranty, and farud arising out of his alleged implantation with a hernia mesh medical device. *See Id*. ¶¶ 11.1-11.37. He also contends that he has suffered "a life altering and permanent injury and damage" as a result of his implantation with the Prolene Mesh. *Id.* ¶ 10.12.

10. It is widely recognized that personal-injury claims similar to those raised by Plaintiff facially meet the $75,000 jurisdictional threshold. *See*, *e.g.*, *Hammarland v. C.R. Bard, Inc.*, 2015 WL 5826780, at *2 (C.D. Cal. Oct. 2, 2015) (denying remand in case involving surgical mesh product and citing cases "involving severe injuries, especially those requiring surgery," in which "courts have found it facially apparent from the complaint that the amount in controversy is satisfied"); *Cole v. Medtronic*, 2015 WL 1638439, at *3 (W.D. Ky. Apr. 13, 2015) (finding that "the Court is confident that the case involves more than $75,000" given the "serious, complex, and

---

and 'legal certainty' standards that govern the amount in controversy requirement when a plaintiff originally files in Federal court have not translated well to removal, where the plaintiff often may not have been permitted to assert in state court a sum claimed or, if asserted, may not be bound by it." H.R. Rep. No. 112-10, at 15 (2011). Accordingly, the "defendants do not need to prove to a legal certainty that the amount in controversy requirement has been met. Rather, defendants may simply allege or assert that the jurisdictional threshold has been met." *Id.* at 16; *see also Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 553-54 (2014) (explaining the Act).

expensive to treat" nature of plaintiff's alleged injuries and the potential for a large award of punitive damages); *In re Rezulin Prods. Liab. Litig.*, 133 F.Supp.2d 272, 296 (S.D.N.Y. 2001) (finding that a complaint alleging various injuries from taking a prescription drug "obviously asserts a claim exceeding $75,000"); *Boudreaux v. Daimler Chrysler Corp.*, No. Civ. A. 00-2054, 2001 WL 290157, at *3 (E.D. La. Mar. 22, 2001) (holding that "alleged damages can easily support the requisite monetary basis for federal jurisdiction" where plaintiff sought compensation for medical expenses, pain and suffering, mental anguish, and lost wages).

11. Plaintiff also seeks punitive and exemplary damages based on the allegation that Defendants had actual subjective awareness of the risks at issue but "proceeded with a conscious indifference to the rights, safety, and welfare of others." Pet. ¶¶ 11.37, 12.3. Texas law permits an award of exemplary damages where the "claimant proves by clear and convincing evidence that the harm with respect to which the claimant seeks recovery of exemplary damages results from: (1) fraud; (2) malice; or (3) gross negligence." Tex. Civ. Prac. & Rem. Code § 41.003(a). Accordingly, Plaintiff's request for exemplary damages must also be considered in determining the amount in controversy. *See Allen v. R & H Oil and Gas, Co.*, 63 F.3d 1326, 1336 (5th Cir. 1995).

12. In short, considering Plaintiff's explicit request for monetary relief in excess of $75,000, excluding interest and costs, and the nature of the injuries he alleges, it is clear that the amount-in-controversy requirement is satisfied here.[2]

---

[2] In the event Defendants' amount-in-controversy requirement is challenged, the Court must provide the parties with an opportunity to submit evidence and then decide whether the preponderance of the evidence shows that the amount in controversy requirement is met. *See Dart Cherokee*, 135 S. Ct. at 554.

### B. Complete Diversity of Citizenship Exists Between Plaintiff and Defendants.

13. Complete diversity exists under 28 U.S.C. § 1332(a) because no Defendant is a citizen of the same state as Plaintiff.

14. Plaintiff Jeffrey Rossman was a resident citizen of Bexar County, Texas at the time of filing of this Complaint and at the time of filing of this Notice of Removal. *See* Pet. ¶ 2.1.

15. For purposes of determining its citizenship under 28 U.S.C. § 1332(c)(1), Defendant Johnson & Johnson is a citizen of the State of New Jersey because it is incorporated in New Jersey and has its principal place of business in New Brunswick, New Jersey.

16. For purposes of determining its citizenship under 28 U.S.C. § 1332(c)(1), Defendant Ethicon, Inc. is a citizen of the State of New Jersey because it is incorporated in New Jersey and has its principal place of business in Somerville, New Jersey.

17. For purposes of determining its citizenship under 28 U.S.C. § 1332(c)(1), Defendant Ethicon Endo Surgery, Inc. is a citizen of the State of Ohio because it is incorporated in Ohio and has its principal place of business in Cincinnati, Ohio.

18. Defendant Ethicon US, LLC is a limited liability company. For diversity purposes, the citizenship of a limited liability company is determined by the citizenship of its members. *See Harvey v. Grey Wolf Drilling Co.*, 542 F.2d 1077, 1080 (5th Cir. 2008). The sole member of Ethicon US, LLC is Ethicon Endo Surgery, Inc. As stated above, Ethicon Endo Surgery, Inc. is a citizen of the State of Ohio. Accordingly, Ethicon US, LLC is also a citizen of the State of Ohio.

### III. REMOVING DEFENDANTS HAVE SATISFIED THE OTHER PROCEDURAL AND VENUE REQUIREMENTS FOR REMOVAL.

19. The 407th Judicial District Court for Bexar County, Texas, is located within the Western District of Texas, San Antonio Division, *see* 28 U.S.C. § 124(d)(4), and venue for this

action is proper in this Court because the Western District of Texas, San Antonio Division, is the "district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

20. Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders received by Removing Defendants are attached as Exhibit A.

21. Removing Defendants will promptly file a copy of this Notice with the Clerk of the 407th Judicial District Court for Bexar County, Texas, as required by 28 U.S.C. § 1446(d).

22. Immediately following the filing of this Notice of Removal, written notice of the filing of this Notice will be delivered to Plaintiff's counsel, as required by 28 U.S.C. § 1446(d).

23. Defendant Ethicon, Inc. received a copy of the Complaint and a summons on February 8, 2021.

24. Defendant Ethicon US, LLC received a copy of the Complaint and a summons on February 8, 2021.

25. Defendant Ethicon Endo Surgery, Inc. received a copy of the Complaint and a summons on February 8, 2021.

26. Removal is timely, as this Notice was filed within 30 days of Removing Defendants' receipt of the initial pleadings and summons. *See* 28 U.S.C. § 1446(b)(2)(B).

27. Defendant Johnson & Johnson has not been properly joined and served in this action at the time of the filing of this Notice of Removal. As such, it is not required to join in or consent to this removal. *See Getty Oil Corp., a Div. of Texaco, Inc. v. Ins. Co. of N. America*, 841 F.2d 1254, 1262 n.9 (5th Cir. 1988); *Castillo v. Hongjin Crown Corp.*, 2009 WL 10669628, at *1 n.2 (W.D. Tex. July 1, 2009).[3]

---

[3] Removing Defendants acknowledge Plaintiff's allegation that Johnson & Johnson can be served with process by serving its Registered Agent of Service, CT Corporation System in Dallas, Texas. This is incorrect. Johnson & Johnson can only be served at its principal place of business at

28. By removing this action to this Court, Removing Defendants do not waive any defenses, objections, or motions available under state or federal law. Removing Defendants expressly reserve the right to move for dismissal of some or all of Plaintiff's claims pursuant to Rule 12 of the Federal Rules of Civil Procedure and/or seek dismissal on grounds of lack of personal jurisdiction, improper venue, or under the doctrine of forum non conveniens.

WHEREFORE, Defendants Ethicon, Inc., Ethicon US, LLC, and Ethicon Endo Surgery, Inc. give notice that the matter bearing the case number 2020CI24858 currently pending in the 407th Judicial District Court for Bexar County, Texas is removed to this Court pursuant to 28 U.S.C. §§ 1332, 1441, and 1446.

Respectfully submitted this 3rd day of March, 2021.

/s/ Christopher Cowan
Christopher Cowan
Butler Snow LLP
State Bar No. 24084975
1400 Lavaca Street, Suite 1000
Austin, TX 78701
(737) 802-1806
Chris.Cowan@butlersnow.com

*Attorney for Defendants Ethicon, Inc., Ethicon US, LLC, and Ethicon Endo Surgery, Inc.*

---

Johnson & Johnson in New Brunswick, New Jersey. Johnson & Johnson has no registered agent in the State of Texas. To date, Johnson & Johnson has received no service of process for this matter. As a possible explanation for Plaintiff's belief as to this allegation regarding serving Johnson & Johnson, there does appear to be a "Johnson and Johnson, Incorporated" on the Texas Secretary of State website which has a registered agent in Texas. However, this entity appears to be an insurance broker and has no relation or connection to the "Johnson & Johnson" that is the parent company of Ethicon, Inc. If Johnson & Johnson is served, it would be represented by the same attorneys as Removing Defendants and would consent to this removal if it is ever properly served.

## CERTIFICATE OF SERVICE

    I hereby certify that a true and correct copy of the foregoing was served on March 3, 2021 on counsel of record via U.S. Mail and via email:

L. James Wood, Esq.
The James Wood Law Firm, PLLC
508 Powell Street
Austin, TX 78703

*Attorney for Plaintiff*

                                                  */s/ Christopher Cowan*
                                                  Christopher Cowan

57728447.v1